MRS. WILBUR A. DOBSON, Appellee, v. CITY OF WATERLOO,
Appellant.

**TRIAL:** Reception of Evidence—Discretion of Court. Pending a
motion for a directed verdict at the close of plaintiff's evidence,
the court may allow plaintiff to reopen his case for further
testimony.

*Appeal from Black Hawk District Court.*—H. B. BOIES,
Judge.

MONDAY, MARCH 12, 1917.

REHEARING DENIED MONDAY, JUNE 18, 1917.

ACTION for damages for personal injuries sustained
from a fall upon the sidewalk in the defendant city.    There
was a verdict and judgment for the plaintiff, and the de-
fendant appeals.—*Affirmed.*

*Burr A. Brown,* for appellant.

*E. H. McCoy,* for appellee.

EVANS, J.—The negligence charged
TRIAL: reception against the city was that it had negligently
of evidence:
discretion of permitted snow and ice to accumulate upon
court.
its sidewalk in such a rough and uneven and
irregular manner as to amount to a defect or obstruction
of the sidewalk, whereby the plaintiff was caused to fall
thereon, and from which she sustained very serious inju-
ries.    At the close of plaintiff's evidence, the defendant
moved for a directed verdict.    Pending the motion, the
plaintiff asked leave to introduce further testimony, which
leave was granted, and further testimony was introduced,
over the objection of the defendant.    Two propositions are
presented for our consideration:

(1)    That the court erred in permitting the plaintiff to reopen her case and introduce further testimony pending the motion for a directed verdict.

(2)    That the evidence was insufficient to warrant a submission of the case to the jury, and therefore that the verdict is not supported by the evidence.

On the first proposition, it is argued that it was unfair to the defendant to permit the plaintiff to reopen her case to further evidence, and thereby to enable her to cover by additional evidence defects pointed out by defendant in the motion for a directed verdict. If the trial of a case were a mere game of skill between opposing counsel (as it is sometimes supposed to be), there would be much force in defendant's contention. But the duties of a judge are not merely those of an umpire in a game. It was clearly within the discretion of the trial court to permit the plaintiff to introduce further testimony even pending the motion. It would be a harsh rule that would forbid such discretion, and the administration of justice would suffer thereby. The exercise of such discretion by the trial court is frequent and usual, and not exceptional. There was no abuse of it in this case.

As to the sufficiency of the evidence to support the verdict, the finding must also be in the affirmative. The line of demarcation between sidewalk conditions of ice and snow which give rise to liability, and those conditions which do not give rise to such liability, is not very satisfactory. It can be contended with some force that rough and uneven conditions of ice and snow are frequently quite as natural and unavoidable as the smooth and level conditions. Under the rule obtaining in such cases, however, we have deemed the field of doubt in a given case as a field of fact, and therefore as the field of the jury. The question in this case was submitted to the jury by instructions of which no

complaint is made. We find no ground, therefore, to interfere with the verdict.

The judgment below is—*Affirmed*.

GAYNOR, C. J., LADD and SALINGER, JJ., concur.